(Reap. Dec. 10656)

HOUSEHOLD MFG. CO. *v.* UNITED STATES

Entry Nos. CE–15316; 16250.

(Decided December 26, 1963)

*Stein & Shostak* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the appeals for reappraisement enumerated on the attached Schedule A, attached hereto and made a part hereof, consists of cutlery, kitchen sets, etc.

It is further stipulated and agreed that at the time of exportation of the instant merchandise to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoiced unit values, ex factory, and that there were no higher foreign values for such or similar merchandise at the time of exportation.

That the merchandise and issues involved herein are similar in all material respects to those in *James G. Wiley a/c Household Mfgr. Co.* v. *United States*, 45 Cust. Ct. 452, Reap. Dec. 9757 and *Household Mfg. Co.* v. *United States*, 49 Cust. Ct. 482, Reap. Dec. 10393 and that the records in said cases may be incorporated with the record herein.

That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

IT IS FURTHER STIPULATED AND AGREED that the merchandise the subject of the appeals for reappraisement enumerated in the attached Schedule A is not included on the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, required to be valued in accordance with Section 402(a) of the Tariff Act of 1930 as amended.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement enumerated in the attached Schedule A may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts and following the cited decisions on the law, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), and hold that such statutory value therefor is the invoice unit values, ex-factory.

Judgment will be rendered accordingly.